UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RITA GARRETT** | * | |
|    Plaintiff | * | CASE NO.  3:22-cv-166 |
| | * | |
| **VERSUS** | * | JUDGE |
| | * | |
| **DG LOUISIANA LLC d/b/a** | * | |
| **DOLLAR GENERAL, JOHN DOE,** | * | MAGISTRATE |
| **and ABC INSURANCE COMPANY** | * | |
| | * | |
| | * | |
|    Defendant | * | A JURY IS DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendant, **DG Louisiana LLC,** (hereinafter "Defendant"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

On the 14th day of September, 2021 the attached Petition was filed in the 19th Judicial Court for Parish of East Baton Rouge, State of Louisiana, entitled *Rita Garrett v DG Louisiana LLC*, bearing case number 711359.[1] The defendant was served with the petition which did not address any amount of damages. On February 23, 2022, Plaintiff filed a First Amended and Supplemental Petition for Damages alleging Plaintiff's damages exceed $75,000.00.[2]

2.

---

[1] See Exhibit "A" (Petition for Damages).
[2] See Exhibit "B" (First Amended and Supplemental Petition for Damages, para. 8)

As will be shown more fully below, this court has original jurisdiction pursuant to 28 U.S.C. §1332(a) as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant in this matter. Thus, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1332.

3.

Plaintiff's Petition alleges personal injuries as a result of an incident on September 19, 2020, at the Dollar General store located in Baton Rouge, Louisiana,[3] which is encompassed by East Baton Rouge Parish. Plaintiff claims she was shopping at Dollar General when she slipped and fell on a foreign substance.[4] She further alleges that as a result of the incident she sustained injuries and damages in excess of $75,000.00.[5]

As required under Louisiana law, Plaintiff's Petition did not specify an amount of damages sought. The removing defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[6] The defendant may make this showing in two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely in excess of $75,000, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[7]

In this case, it is facially apparent from plaintiff's Petition for Damages that the amount in controversy exceeds $75,000.[8]

3.

---

[3] See Exhibit "A" (Petition for Damages, ¶ 3).
[4] See Exhibit "A" (Petition for Damages ¶ 3).
[5] See Exhibit "B" (Petition for Damages ¶ 8).
[6] *James v. Home Depot USA, Inc.*, 2002 WL 1453824 at *1 (E.D. La. 2002) (*citing Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).*Id.*
[7] *Id.*
[8] *See* Exhibit "B" (para. 8).

Pursuant to 28 U.S.C.A. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Here, removal is timely because it was filed within 30 days of Defendant being served with the First Amended and Supplemental Petition for Damages.

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

    A.    The properly joined parties to this action are completely diverse:

        1.    Plaintiff, Rita Garrett, is a person of full age of majority and a domiciliary of the Parish of East Baton Rouge, State of Louisiana;[9] and

        2.    Defendant, DG Louisiana LLC, is a corporation which is incorporated and has its principal place of business in Tennessee.

    B.    The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. As is proper under Louisiana law, the First Amended and Supplemental Petition for Damages specifies an amount of damages sought. "[10]

5.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as

---

[9] *See* Exhibit "A" (Petition for Damages, introductory paragraph).
[10] See Exhibit "B" (Petition for Damages, ¶ 8).

the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

6.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."[11]

7.

Defendant prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, DG Louisiana LLC, prays that the above action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed therefrom to this Honorable Court. DG Louisiana LLC additionally prays for a jury trial on all issues.

Respectfully submitted,

/s/ *Shannon O. Harrrison*
TREVOR C. DAVIES (#32846)
SHANNON O. HARRISON (#26163)
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 324-6493
Facsimile: (504) 324-6626
E-Mail: sharrison@WKDlawfirm.com
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

---

[11] 28 U.S.C. § 1441(a)

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via the Court's CM/ECF electronic filing system this  9th  day of March, 2022.

　　　　　　　　　　　　　　　　 /s/*Shannon O. Harrison*